A.W. MOORE ROOFING AND GENERAL CONSTRUCTION, INC., Plaintiff-Respondent.

v.

James F. SEVIER and Dorothy A. Sevier, Defendants-Appellants.

No. 49629.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 10, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 1985.

Dorothy A. Sevier, pro se.

Arthur H. Slonim, Dennis A. Buchheit, Clayton, for plaintiff-respondent.

KAROHL, Judge.

James F. Sevier and Dorothy A. Sevier defendants and property owners appeal pro se from a judgment in a suit for damages brought by A.W. Moore Roofing and General Construction, Inc. [A.W. Moore], for breach of a contract for rehabilitation of their residence. In the alternative plaintiff A.W. Moore requested an order that the City of St. Louis acting through Community Development Agency [C.D.A.], specifically perform an agreement to make payment of the sums found to be due under the contract from an escrow, deposited with defendant Pioneer Title Insurance Corporation, and that the Seviers be ordered to execute the necessary approvals and requisitions for such payment.

Before trial of the case, Pioneer National Title Insurance Company, known as Ticor Title Insurance Company [Ticor], deposited to the registry of the court $9,323.31. The court dismissed the claims against Ticor and the City of St. Louis, found plaintiff did work at defendant Seviers' residence amounting to $7,100, and awarded plaintiff a judgment in that amount payable from the sum deposited with the court. The court deferred a payout of the balance of the deposit with the court pending an agreement about expenditures between the Seviers and C.D.A.

The Seviers have appealed pro se. No record on appeal and no exhibits other than copies appearing in the legal file, have been filed with the court. Defendants' brief is hopelessly deficient under Civil Rule 84.

The statement of facts is argumentative, makes little or no reference to the record or documentary evidence, and contains irrelevant and immaterial matters. It would be impossible to understand the nature of the case or the events in the trial court without the assistance of respondent's brief and the statement of facts therein. The points relied on make no reference to any legal authorities. The alleged trial court errors are nearly incomprehensible.[1]

For several reasons we will ex gratia resolve the appeal. This court accepted the pro se brief and no notice of failure to comply with the rules has been given. Respondent has clarified the circumstances of the cause of action and the trial. We find no error of fact or law.

■ If defendants contend in their first point that the court erred in assuming jurisdiction as a court of equity and had no authority to determine the extent of damages for breach of contract then we find no error. The petition makes no reference to "mandamus" alluded to by defendants. The petition on which the case was tried prayed for both damages at law in Counts I, II, III, IV and VI and sought equitable relief in Counts V, VII and VIII. When the case was tried and evidence adduced, all of the Counts were pending except Count VI which had been voluntarily dismissed. Both plaintiff and defendants presented evidence concerning the legal and equitable Counts. No objection was raised as to the proceedings. During the trial the governmental defendants did not claim an interest in the funds deposited with the court, did not retain control of the funds, and the judgment was not in the form of a mandamus regarding any such defendant. When a court of equity takes jurisdiction it may decide both equitable and legal issues. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 (Mo. banc 1979).

---

1.     POINTS RELIED ON

I

THE TRIAL COURT ERRED IN ALLOWING A FORM ON MANDAMUS TO PLACE THIS CAUSE IN EQUITY COURT IN THAT THERE WAS AN ADEQUATE REMEDY AVAILABLE OUTSIDE A COURT OF EQUITY.

II

THE TRIAL COURT BEING ABSENT OF SUBSTANTIAL COMPETENT EVIDENCE AWARDED EXCESSIVE DAMAGES FROM AN AMOUNT DEPOSITED WITH EQUITY COURT THAT HAS NOT BEEN VALIDATED AS CORRECT.

 

■ Defendants' second point seems to argue that plaintiff failed to make a submissible case. It is defendants' duty to present the record on appeal in order that this issue may be reviewed. Rule 81.12; *Cooper v. General Standard, Inc.*, 674 S.W.2d 117 (Mo.App.1984). No record has been presented unless we consider the exhibits made a part of the legal file. Without a transcript of the trial proceedings we cannot determine whether any or all exhibits were offered in evidence. Accordingly, defendants' contention that the work required under the contract was either not performed or performed poorly is not supported by any record subject to our review. Where no transcript was filed and no showing that anything was introduced into evidence, nothing is preserved for review. *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App.1983). Without a record, there is no basis for us to find any error of fact or law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.