James Virgil ROWE,
Plaintiff–Appellant,

v.

NORFOLK & WESTERN RAILWAY
COMPANY, Defendant–Respondent
& Cross–Appellant.

Nos. 55642, 55666.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1990.

Rehearing Denied Feb. 28, 1990.

752

Pratt and Callis, P.C., Patrick S. O'Brien, East Alton, Ill., for plaintiff-appellant.

Armstrong, Teasdale, Schlafly, Davis & Dicus, Douglas K. Rush and Ann E. Buckley, St. Louis, Mo., for defendant-respondent and cross-appellant.

KAROHL, Judge.

Plaintiff, James Virgil Rowe, appeals judgment in accord with jury verdict in favor of defendant, Norfolk and Western Railway Company. Rowe brought suit under the Federal Employers' Liability Act (FELA) for a back injury allegedly sustained on November 21, 1983 in Kentucky while employed as a section laborer by defendant railroad. Defendant's theory is the claimed accident never happened, or, if

it did happen some or all of the claimed injury was traceable to a prior injury.

Plaintiff alleges five points of error. Defendant, cross-appellant, alternatively claims error based on refusal to dismiss on the ground of forum non conveniens. We find no trial court error. We affirm.

Plaintiff's facts are as follows. On November 21, 1983 Rowe, a section laborer, and the rest of the crew he worked with met at headquarters in Williamson, West Virginia. They then went by truck to Sharondale, Kentucky to replace a road crossing. Rowe was in a truck unloading tools and material when the accident occurred. The truck had a four foot high wood rack on both sides with a rope connecting them. The truck had no tool boxes. Rowe was standing in the truck bed in front of the rope attempting to pick up a pair of tie tongs which were covered with other tools. The tongs caught on something then suddenly released. This caused Rowe to step back. The rope caught him behind the legs. Rowe fell and landed on some bolts, spikes and tools in the truck bed. Rowe immediately felt pain in his lower back and legs. No one witnessed the accident.

Rowe was treated by a physician and remained off work until November 6, 1984. He then returned to work. In late August 1985 he again stopped working and had been off from then until the time of trial.

A prior injury is relevant to this case. On December 13, 1979 Rowe, while working for defendant fell into a hopper car and injured his lower back. He was off work until June 23, 1980 while he received treatment for his injury. In 1981 he was off work because of the back injury. As a result of this prior injury Rowe filed a FELA suit in the United States District Court for the Southern District of West Virginia alleging *permanent disability*. This suit was settled and plaintiff signed a release for the railroad from any liability arising out of the accident including "known and unknown permanent injuries."

Defendant denied the existence of a 1983 event and defended on the theory no event or injury occurred. Coincidentally, the event was alleged to have happened the day before Rowe was to be furloughed. Defendant's evidence on injury or disability was related to the 1979 accident.

Defendant moved to dismiss this suit for forum non conveniens, citing the abundance of witnesses 400 miles away from St. Louis, inconvenience to these witnesses and a backlog of FELA cases in St. Louis Courts, and no nexus to St. Louis of parties, accident site or witnesses. This motion was denied and case proceeded to trial.

Plaintiff brings five points on appeal. Plaintiff claims error in: (1) allowing defendant to introduce evidence and make statements in final argument about a pending lawsuit Rowe brought in West Virginia for occupational hearing loss and plaintiffs motive for filing suit in St. Louis; (2) granting defendant's motion in limine to exclude photographs of the truck which showed subsequent changes; (3) allowing defendant to use a deposition from plaintiff's prior lawsuit against defendant which was not produced in response to a request for production specifically requesting statements of plaintiff to defendant; (4) allowing defendant to use the release from the 1979 lawsuit as evidence; and (5) giving defendant's contributory negligence instruction after refusing plaintiff's proposed instruction on assumption of risk and refusing plaintiff's verdict directing instruction. Defendant conditionally cross appeals alleging error by the trial court in failing to dismiss for forum non conveniens.

We decline to review plaintiff's first two claims of error about statements made by defense counsel during closing argument and exclusion of photographs of the truck. The pictures did not show the truck in the condition at the time of the event. The transcript omits closing arguments. We also find nothing in the transcript or the legal file about defendant's motion in limine or a court's ruling, which plaintiff contends excluded the photos as evidence, nor do we find a reviewable offer of proof. Because we have no record before us on these points we are unable to determine if any error occurred. The record on appeal must contain all informa-

tion necessary to the determination of issues presented for review. *Ward v. State*, 451 S.W.2d 79, 81 (Mo.1970). See also, V.A.M.R., 81.12. Appellant has the burden of presenting a record on appeal for us to review. *A.W. Moore Roofing v. Sevier*, 700 S.W.2d 93, 95 (Mo.App.1985).

■ Plaintiff claims the trial court erred by allowing use of his 1981 deposition, taken in a prior lawsuit involving the 1979 accident, for impeachment purposes. Prior to trial in this lawsuit plaintiff submitted discovery requests to defendant asking for "any accident forms, statements, whether written or oral and subsequently transcribed ... given by the plaintiff to the defendant." Defendant responded by objecting to producing "any document other than statements or reports which were made by the plaintiff." Clearly a deposition from a prior suit given by plaintiff to defendant is within the category of information requested and also in the category of information defendant indicated a willingness to produce. We are not impressed with defendant's present argument that the discovery request should be limited to statements given *after* the alleged event. A statement given before is or may be as relevant as a statement given after the event. However, in Missouri, an issue is not preserved for appellate review when it is not presented or expressly decided by the trial court. An appellate court will not convict a lower court of error on an issue which was not put before it to decide. *AS-ARCO Incorporated v. McNeill*, 750 S.W.2d 122, 129 (Mo.App.1988). Here, the cross examination based on the unproduced deposition occurred without objection. It was plaintiff, not the trial court, who allowed use of the unproduced deposition. Because no objection was made we review only for plain error.

■ Reversal based on plain error is reserved for situations where manifest injustice or a miscarriage of justice has resulted. Rule 84.13(c). While we do not condone defendants non-disclosure of the deposition under discovery rules the claimed violation and use of plaintiff's deposition in this case was not plain error. The deposi-

tion which defendant used was not unknown to plaintiff as it was his own deposition. Here the deposition was used by defendant to impeach plaintiff's direct testimony that by May, 1981 he had recovered from the 1979 back injury. By use of the deposition, given by plaintiff in August, 1981, defendant developed testimony from plaintiff as follows: (1) plaintiff stopped seeing a Dr. Vaughn in 1981 because the treatments weren't helping; (2) plaintiff saw several doctors for the 1979 back injury not disclosed in direct testimony; (3) as late as August, 1981 plaintiff was not working on doctor's orders. This evidence contradicted plaintiff's direct testimony that after May, 1981 he had no back injury problems. It supports a finding the complaints made after 1983 were explainable as caused, or partly caused, by the 1979 injury. Significantly, the relief plaintiff's counsel requested regarding use of the 1981 deposition was that plaintiff be allowed to see the 1981 deposition in order to refresh his recollection. This relief was granted. Under these circumstances we find no fundamental unfairness in the present case. The existence of the deposition or a copy should have been noticed by defendant in answer to plaintiff's discovery request in order to avoid error, if preserved, which may require a new trial. We find no plain error.

■ Plaintiff's next point of error, the trial court should not have allowed defendant to introduce the release Rowe signed to settle his lawsuit against defendant for the 1979 injury, is without merit. Plaintiff settled his suit, signed a release and dismissed. The alleged accident which is the subject of the current controversy occurred four years later. Both suits alleged an injury of the lower back. Because no one witnessed the second accident, it occurred one day before plaintiff was to be furloughed, and other circumstances, defendant steadfastly defended on the theory there was no second accident and the claimed second injury was, in fact, further events of the prior injury. Consistent with its theory defendant plead the affirmative defense of release. Defendant has the bur-

den of proving release. *Winter v. Elder,* 492 S.W.2d 146, 147–148 (Mo.App.1973). *State ex rel., Normandy Orthopedics v. Crandall,* 581 S.W.2d 829, 834 (Mo. banc 1979).

Plaintiff argues the 1979 release is irrelevant and immaterial due to lack of medical evidence demonstrating a connection between both injuries. We find it was relevant and material. Plaintiff's testimony his back condition after the 1979 did not improve by August, 1981 supports a finding the injuries claimed in the present law suit were the same as those claimed in 1979. In August, 1981 he testified his back condition had not improved. His ability to work and his ability to function at home or engage in hobbies continued to be restricted because of the back injury. Plaintiff claimed injuries to the same part of the body. He described the same symptoms of lower back pain running down the legs after both claimed events. The fact issue of whether plaintiff's present complaints were caused by the 1979 event made the full release relevant in the present trial.

■ Evidence of prior injuries is probative in a personal injury case not only on the issue of whether there was an accident but also on the nature and extent of injuries. *Eickmann v. St. Louis Public Service Co.,* 323 S.W.2d 802, 806 (Mo.1959). Here plaintiff conceded on cross examination that the 1979 injuries were of a continuing and permanent nature. Thus, even if there was a second accident there was a fact issue whether some of plaintiff's current medical problems are at least partially traceable to the prior injury. Hence, the release is relevant to the extent it exempts defendant from recompensating plaintiff for that injury. *Craig v. United Railway Co. of St. Louis,* 185 S.W. 205, 207 (Mo. 1916). Point denied.

Finally, plaintiff claims error in the court's jury instructions. Rowe says the court erred by instructing the jury on comparative negligence and refusing to instruct the jury that assumption of risk is not an issue in a FELA case. We disagree.

■ The comparative negligence instruction was supported by plaintiff's evidence of his own negligence. Plaintiff testified that immediately before he fell while he was trying to pick up the tie tongs he did not move the tools on top of the tongs and even after realizing the tongs were stuck he did not move the tools but simply tried to wiggle the tongs free. This procedure was contrary to safety rule 1172 of the Norfolk and Western Railroad. The safety rules are binding on all defendant's employees. In a FELA suit an instruction of contributory negligence is proper if there is any evidence to support it. *Eickelman v. Illinois Central Gulf Railroad Company,* 714 S.W.2d 611, 617–618 (Mo. App.1986).

■ Alternatively, there was no error in refusing to give MAI 34.04 which instructs the jury assumption of risk is not an issue. This instruction is given, at the discretion of the trial court, when a false issue of assumption of risk is raised. See, MAI 34.04 notes on use. No false issue was raised by defendant. Plaintiff claims defendant argued Rowe assumed the risk of employment by returning to work after his 1979 injuries. We find no evidence to support this contention. Giving a cautionary instruction such as MAI 34.04 is within the trial court's discretion. *Schmid v. Langenberg,* 526 S.W.2d 940, 942 (Mo.App. 1975). We find no abuse of discretion.

■ Next plaintiff claims error in the trial court's refusal of plaintiff's verdict directing instruction which provides:

Your verdict must be for plaintiff if you believe:

First, Defendant failed to provide: Reasonably safe and suitable equipment to perform the task assigned, or a reasonable safe place to work, or reasonable safe methods of work, or reasonable safe work environment, in that *plaintiff was forced by defendant to return to work against the advice of his treating physician* by threatening to terminate him if he did not procure a return to work release from said physician, thereby causing further injuries to his lower extremities rendering him unable to perform his railroad duties and furthermore unable

to work as a laborer in non-railroad employment ... (Our emphasis).

Failure to give this instruction was not error as there was no evidence presented at trial to indicate plaintiff was forced to return to work or merely returning to work caused plaintiff further injury. "[W]hen an instruction presents theories in the disjunctive, each must be supported by substantial evidence." *Weast v. Festus Flying Service, Inc.*, 680 S.W.2d 262, 267 (Mo.App. 1984). We find the court does not err by refusing to give a jury instruction where there is no evidence to support each and every element of the instruction. Point denied.

Defendant conditionally raised the issue of forum non conveniens. We are ask to consider the claim if a remand was required on plaintiff's appeal. Because we affirm the judgment we need not decide defendant's appeal.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.