Daniel SPENCER, Appellant,

v.

STATE of Missouri, Respondent.

No. 57880.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Feb. 7, 1991.

Application to Transfer Denied
April 9, 1991.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant, Daniel Spencer, appeals the denial of his Rule 24.035[1] motion after an evidentiary hearing. We affirm.

Daniel Spencer was charged with four counts of robbery in the first degree and sentenced according to § 558.011.1(1) RSMo 1986, in the Circuit Court of the City of St. Louis. These charges stemmed from the robbery of the manager and four employees of Dressel's Pub in St. Louis on April 12, 1988.

Spencer pled guilty to all four counts of robbery on December 12, 1988, before Judge Richard J. Mehan. Spencer was then sentenced as a persistent offender to 4 terms of 30 years to be served concurrently in the Missouri Department of Corrections.

---

1. All references to rules are to Missouri Rules of Court, 1990.

On March 2, 1989, Spencer filed a verified *pro se* Rule 24.035 motion alleging four points—two of which are relevant to this appeal: (1) ineffective assistance of counsel—specifically "movant defense counsel Michael Nargarca [sic] mislead [sic] the movant into pleading guilty...." (2) "Movant plea of guilty was cohersive [sic] in that counsel failed to exercise the customary skill and diligence that reasonably competent attorney would exercise under the same or similar circumstances which resulted in prejudice to the movant...."[2] On March 21, 1989, the court appointed counsel for movant and on May 22, 1989, after obtaining an extension of time counsel filed an amended unverified motion.[3]

An evidentiary hearing was held on September 1, 1989, before Judge William A. Geary, in which Spencer, his wife and his mother testified in support of the motion. Michael Naccarato, movant's trial counsel, testified in opposition to the motion. On January 22, 1990, the motion court issued findings of fact, conclusions of law, and an order denying movant's motion for post-conviction relief.

Appellate review of the dismissal of a motion for post conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–696; *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Movant's first point on appeal alleges that the motion court clearly erred in denying his claim that he was misled by trial counsel and pled guilty under the misapprehension that he would receive a fifteen year sentence. Movant alleges that there is nothing in the plea transcript to refute this claim. We disagree.

We find the following colloquy to be especially relevant:

Q: [by the Court] Has anyone threatened you, abused you or a member of the family forced you to come to court this afternoon and enter this guilty plea?

A: [by Mr. Spencer] No, your Honor.

. . . . .

Q: Are you satisfied with the services of your attorney, Mr. Naccarato, from the beginning of his representation to the present?

A: Yes, sir.

Q: Do you have any complaints at all?

A: No, sir.

. . . . .

Q: Has he [Mr. Naccarato] done everything you thought he should do?

A: Yes sir.

Q: Do you think he's prepared for trial today?

A: Yes, sir.

Q: Has he given you enough assistance in arriving at this decision to enter a guilty plea instead of a trial?

A: Yes, sir.

Q: Has he answered all your questions and given you enough time throughout the months that he's represented you?

---

2. Movant's other two points contained in his *pro se* motion were:

    (1) that his guilty plea was not voluntarily and knowingly made because: "at no time did the state show or plea a factual basis for the aforementioned offenses for which the movant was charged ...;" and

    (2) that "[m]ovant guilty plea was based on the erronous [sic] advice of the defense counsel, in that counsel informed the movant that even if the movant was not armed the state could still prosecute the movant for the robbery first degree offense ...;"

3. The requirement of verification is not a mere formality and is an essential element of the post-conviction motion furthering the goal of discovering and adjudicating all claims for relief in a single proceeding. *State v. Vinson*, 800 S.W.2d 444, 449 (Mo. banc 1990); *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990). The absence of verification on the amended motion, which did not even include the movant's signature, renders the contents of the amended motion a nullity. *Id.*

A: Yes, your Honor.

. . . . .

Q: [by the Court] What has the attorney for the State offered you by way of a sentence? How many years?

A: [by Mr. Naccarato with Mr. Spencer present] Thirty.

Q: Thirty years. And is that thirty years added on each count or is it just thirty years for all of them to run at the same time?

A: All of them together.

. . . . .

Q: [by the Court] And you understand the range of punishment that is involved in these cases?

A: [by Mr. Spencer] Yes, sir.

Q: Still want me to take your plea of guilty, sir?

A: Yes, sir.

Q: Are you entering pleas of guilty to these charges because you are guilty and because of the recommendation that we have before us from the State's attorney?

A: Yes, your Honor.

. . . . .

Q: And you understood that if you had a trial and if you lost, I would sentence you, not the jury, because you're a prior offender; do you understand that?

A: Yes, sir.

Q: And that if I sentenced you, the State could ask me to consider sentencing you as a Class X offender; did you understand that?

A: Yes, sir.

Q: And that would cause you to serve eighty percent of your time before you would have any opportunity of parole; did you understand that?

A: Yes, sir.

Q: Did that have something to do with your decision to enter guilty pleas to thirty (30) years concurrent; in other words, you're not going to go up there as a Class X offender? Did that have something to do with your decision?

A: Yes, sir.

Q: So, you think you're taking less time by this guilty plea than you might get if you tried the case and lost; is that right?

A: Yes, sir.

It is true that the plea judge did not specifically ask the defendant whether his plea of guilty was the result of any promises apart from the plea agreement. It is also true that the plea judge did not specifically inquire as to whether the defendant was coerced by plea counsel into pleading guilty. But movant does not allege in his first point that he was coerced; the limit of his claim is that he was *misled* by his trial counsel and movant bases this confusion on the prediction of his trial counsel that he would end up serving fifteen years. The mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary. *State v. Maloney*, 434 S.W.2d 487, 494–495 (Mo. 1968).

Movant's contention that he was misled into pleading guilty is unsupported by the plea transcript because the defendant stated affirmatively that he was fully aware of the terms of the plea agreement and the consequences of his plea of guilty. The trial court's finding of an intelligent, knowing and voluntary plea of guilty is not clearly erroneous.

■ Movant's second point alleges that the motion judge clearly erred by denying movant's *pro se* request for a continuance of the evidentiary hearing because movant had not received a copy of his guilty plea transcript. Whether or not to grant a continuance is a decision which rests within the sound discretion of the trial/motion judge. The motion judge based his denial of movant's request for a continuance as being in the best interests of judicial economy. Movant had filed his *pro se* Rule 24.035 motion six months earlier and did not move for a continuance until the day of the evidentiary hearing. We will not disturb this ruling as we find it to be not clearly erroneous.

■ Movant's second point also brings into question the effectiveness of movant's post-conviction counsel. A post-conviction proceeding is directed to the validity of movant's conviction and sentence and cannot be used as a conduit to challenge the

effectiveness of counsel in the post-conviction proceeding. This type of claim is thus not cognizable on appeal. *Young v. State,* 770 S.W.2d 243, 245 (Mo. banc 1989); *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). Appellant has cited this court to many cases [4] which emphasize the importance of the assistance of counsel during post-conviction proceedings but "[g]enerally, the cases in which a claim of ineffectiveness of motion counsel has been successful are those in which a *pro se* motion is summarily dismissed and motion counsel was found not to have actively participate[d] in the proceedings on movant's behalf." *State v. Shaline,* 793 S.W.2d 167, 172 (Mo.App.1990). In this case, movant's counsel filed an amended motion and represented movant during the evidentiary hearing; generally fulfilling the *minimum* requirements of effective post-conviction counsel by providing an opportunity for movant to fully and fairly litigate his claims for post-conviction relief. Any error on the part of movant's counsel was nonprejudicial.

■ Movant's third point raises for the first time on appeal, the possibility that the plea court erred in accepting the movant's pleas of guilty to four counts of first degree robbery and then sentencing movant for each of those counts. Movant alleges that such punishment violated his constitutional protection against double jeopardy.[5] Movant proposes that the four counts of robbery were in fact against one entity— the bar/restaurant and as such should have resulted in only one count of robbery being charged against movant. We disagree.

Although raised for the first time on appeal, this double jeopardy claim is prop-

erly before this court and we are free to consider the merits. *White v. State,* 694 S.W.2d 825, 827 (Mo.App.1985); *Mullen v. State,* 678 S.W.2d 1 (Mo.App.1984).

The fact that all four victims (comprising the four separate counts) were employees of the bar/restaurant where the robbery took place is irrelevant to the outcome of this case. Robbery is an offense against the right to possession. Ownership of property is *not* an element of robbery. *State v. Beatty,* 617 S.W.2d 87, 91 (Mo. App.1981). Movant alleges that all of the money taken from the bar/restaurant was proceeds of the bar/restaurant's business. Even if we were to assume that this fact were true, which we cannot,[6] the point is irrelevant for determining whether one or four robberies took place. The proper focus is right to possession and in this case each one of the victims had a right to the possession of the monies that were taken from them. *See State v. Mills,* 671 S.W.2d 437, 439 (Mo.App.1984) ("where several persons are robbed at the same time, the offender may be indicted and convicted for the robbery of each person as a distinct offense." (quoting *State v. Ashe,* 350 S.W.2d 768, 770 (Mo.1961))).

We find that the movant was properly charged with four separate and distinct robberies and that the plea court did not err in accepting movant's pleas of guilty and sentencing movant for the four counts of first degree robbery.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.

---

**4.** The cases appellant cites as "the established line of cases" are factually distinguishable from the case at bar. *Lee v. State,* 729 S.W.2d 647 (Mo.App.1987) (no record of *any* representation by counsel in post-conviction proceedings prior to filing notice of appeal); *Young v. State,* 724 S.W.2d 326 (Mo.App.1987) (movant's counsel failed to amend post-conviction relief motion after court granted movant's counsel consecutive thirty day continuances); *Hirsch v. State,* 698 S.W.2d 604 (Mo.App.1985) (movant received *no* representation after filing the pro se petition); *Pool v. State,* 634 S.W.2d 564 (Mo.App.

1982) (appearance from record that movant's counsel recommended that movant did not need an amended motion).

**5.** The Constitutional protection against double jeopardy is contained in the Fifth Amendment and was made applicable to the states by the Fourteenth Amendment.

**6.** There is evidence in the record that some of the money taken did not belong to the bar/restaurant but instead was from the personal funds of the victims.