Hortense CAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 62042.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 18, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Movant appeals from the denial, without an evidentiary hearing, of her Rule 24.035 motion for postconviction relief. We affirm.

On June 19, 1991, movant pled guilty to one count of stealing, third offense, in violation of § 570.030 RSMo 1986. The par-

ties had not reached a plea agreement, and requested that the trial court determine sentencing. Following a pre-sentence investigation by the State Board of Probation and Parole, on August 16, 1991, the court sentenced movant, as a persistent offender, to fifteen years' incarceration. The trial court suspended execution of the fifteen-year sentence and placed movant on probation. On December 19, 1991, the trial court revoked movant's probation, and the fifteen-year sentence was ordered executed.

Movant filed a timely *pro se* Rule 24.035 motion. Postconviction counsel filed an amended Rule 24.035 motion and a request for an evidentiary hearing. The motion court issued findings of fact, conclusions of law, and an order denying movant's motion without an evidentiary hearing.

■ Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Tipton v. State*, 838 S.W.2d 138, 139 (Mo.App.1992); Rule 24.035(j). The motion court's findings and conclusions are deemed clearly erroneous only if a full review of the record leaves a reviewing court with the definite and firm impression that a mistake has been made. *Tipton*, 838 S.W.2d at 139. If an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing. *Watt v. State*, 835 S.W.2d 404, 406 (Mo. App.1992).

■ In point one, movant alleges that the motion court clearly erred in denying her motion without an evidentiary hearing because trial counsel was ineffective and misinformed movant about the length of her sentence. Movant specifically claims counsel advised movant that she would receive a suspended sentence not exceeding twelve years, when the court sentenced movant to fifteen years. Movant claims her reliance on counsel's misstatement regarding the length of the sentence rendered the plea involuntary.

■ After a plea of guilty, the effectiveness of counsel is immaterial except to the extent it impinges on the voluntariness and knowledge with which a defendant pled guilty. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). Even if, as movant alleges, she was advised by counsel that she would receive a twelve-year, not a fifteen-year sentence, that did not indicate movant would likely receive the lesser sentence. *See Grayse v. State*, 817 S.W.2d 640, 642 (Mo.App.1991). Receiving a longer sentence than hoped for does not render a plea involuntary. *Id.*

■ The mere prediction of a sentence by counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary. *Spencer v. State*, 805 S.W.2d 677, 679 (Mo.App.1990). In *Spencer*, 805 S.W.2d 677, movant alleged trial counsel misinformed movant that he would receive a fifteen-year sentence, when movant was sentenced to thirty years' imprisonment. The court found movant's claim he had been mislead unsupported by the record, when movant affirmatively stated at the plea hearing that he was fully aware of the plea agreement and the consequences of the plea. *Id.* at 678–79.

Here, the record conclusively refutes movant's claim that the plea was involuntary due to counsel's misstatement regarding the sentence. At the plea hearing, the trial court explained to movant that the sentence ranged from probation to a maximum of fifteen years' incarceration. Movant testified she understood the range of sentencing and that the sentence was within the discretion of the trial court. Movant acknowledged no one had threatened or forced her to plead guilty. The record indicates movant understood the nature of the proceedings, the charges against her, and the consequences of the guilty plea. The motion court properly found that the record refuted movant's allegation.

■ Movant's second point is also based on a claim of ineffective assistance of counsel. Movant alleges trial counsel failed to inform her of the harsh conditions that would apply to probation. The specific conditions of probation about which movant complains are not set forth in the record or in movant's brief. Movant contends she

would not have pled guilty if she had been aware of the stringent conditions of probation, and that counsel's failure to advise her of the terms of probation rendered the plea involuntary. This claim is also refuted by the record, which, as indicated, shows that movant's plea was knowingly and voluntarily made. Movant testified she entered into the plea voluntarily, and that she believed counsel had fully advised her of the consequences of the guilty plea. The motion court did not clearly err in finding the plea was voluntary. *See Hagan*, 836 S.W.2d at 464–65.

We note that the trial court did not guarantee movant probation at the time of the guilty plea, and advised movant of the range of sentencing. No plea agreement was reached with the prosecuting attorney, and the trial court had not yet determined the sentence at the time of the plea. Movant testified she was aware she could be sentenced to a maximum of fifteen years' imprisonment. Movant pled guilty knowing she might not receive probation. Any argument that movant would have accepted fifteen years' imprisonment, but not the terms of probation, is spurious.

In addition, movant has failed to show counsel was aware of the specific terms of probation at the time of the plea hearing. Pursuant to § 559.021 RSMo 1986, the terms of probation are within the discretion of the trial court. The conditions of probation are such as the court in its discretion deems reasonably necessary to insure that defendant will not again violate the law. Section 559.021.1 RSMo 1986. A defendant receives a certificate explicitly stating such conditions when placed on probation. Section 559.021.1. At the plea hearing, the trial court had not yet sentenced movant to probation, and the record does not indicate that the trial court had determined the terms of probation. Point denied.

■ Movant's final point is that the trial court erred in denying the motion because movant's fifteen-year sentence constituted cruel and unusual punishment. Movant contends the mere fact a sentence falls within the range authorized by statute is not determinative of whether the sentence is excessive, and that she was entitled to an evidentiary hearing on the issue.

Whether a sentence constitutes cruel and unusual punishment, however, is an issue of law, which does not warrant an evidentiary hearing. *Grady v. State*, 743 S.W.2d 535, 536 (Mo.App.1988).

Movant relies on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in support of her claim that the sentence received constituted cruel and unusual punishment. Movant asserts we must apply the proportionality analysis set forth in *Solem*, 463 U.S. at 291–92, 103 S.Ct. at 3010–11, 77 L.Ed.2d 637, to determine whether the sentence was excessive. The Supreme Court, however, in a plurality opinion, recently rejected the analysis of *Solem* in noncapital cases. *See Harmelin v. Michigan*, 501 U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin*, the court concluded that *"Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Harmelin*, 501 U.S. ——, 111 S.Ct. at 2686, 115 L.Ed.2d at 846. Missouri courts also questioned the reasoning of *Solem* prior to the *Harmelin* decision. *See, e.g., State v. Johnson*, 770 S.W.2d 263, 268–69 (Mo.App. 1989). In *Johnson*, 770 S.W.2d at 268, the court stated that *Solem* was "more theoretical doctrine than practical directive." *Id.* at 268.

■ Movant pled guilty to stealing, a Class C felony, in violation of § 570.030 RSMo (1986). Movant was sentenced as a persistent offender under § 558.016 RSMo 1986, which allowed a maximum of fifteen years' incarceration for a Class C felony. The sentence was within the statutory range. In postconviction proceedings, a sentence within the statutory range is not grounds for vacating a sentence. *Eckhoff v. State*, 770 S.W.2d 498, 498 (Mo.App. 1989). Movant's sentence was within the discretion and authority of the trial court. Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.