**46**

Joseph FITZPATRICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 66331.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1995.

Application to Transfer Denied
May 30, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Joseph J. Fitzpatrick, appeals denial of Rule 24.035 relief without an evidentiary hearing. The subject of the motion was a guilty plea on two charges, assault in the first degree and armed criminal action. The plea court imposed concurrent 25 year sentences.

This appeal is governed by Rule 24.035(j); *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993); and *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

From a transcript of the plea hearing, we are informed: In July of 1991, movant went to his stepfather's house to get a gun. He went to the victim's house with the gun, intending to shoot him. Several witnesses saw him argue with the victim, raise the gun to the victim's head, and then lower the gun. He placed the gun at the victim's temple a second time and pulled the trigger. The bullet lodged in the victim's spine. After the

incident, movant called the police and told them what he had done and where they could come to get him. The police went to the location. Movant showed them where he put the gun. In October, after movant was certified to be tried as an adult, he gave a detailed written statement about the incident. Therein he said he did not see the victim with any kind of weapon.

█ In his first point, movant contends his defense counsel was ineffective for failing to contact Antonio Merchant. He argues Merchant could confirm that movant shot the victim after the victim pointed a gun and threatened him. He argues Merchant's testimony would support a self-defense claim.

█ The evidence adduced at the plea hearing belies a justification defense. Movant obtained a gun and went to the victim's house, intending to shoot him. When he confronted the victim, he placed the gun to the victim's head twice. He pulled the trigger the second time. He made a written statement that the victim did not have a weapon. This record refutes the possibility of evidence of a justification defense. Defense counsel could not be ineffective for failing to present a defense that didn't exist where movant's statements were matters of personal observation. A justification defense would depend on movant's knowledge of an existing threat. He disproved knowledge of any threat. Point denied.

█ In his second point, movant contends his defense counsel gave him misleading advice by telling him he would receive a life sentence if he exercised his right to trial.

At the plea hearing, movant acknowledged he knew the range of punishment for the charges. In addition, defense counsel made statements about what could happen if the case went to trial. Defense counsel stated that based on his previous experience he did not think movant would have "walked away from this incident after a trial without a very substantial sentence being given out...." He believed it was very probable a jury would have given movant a more substantial sentence than the sentence in the plea bargain. "The mere prediction of a sentence by counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Cain v. State,* 859 S.W.2d 715, 717 (Mo.App. E.D.1993). Point denied.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.