**ROYALE MARKETING, INC., et al., Appellants,**

v.

**Ruth BENDER, Respondent.**

No. ED 75665.

Missouri Court of Appeals,
Eastern District,
Division One.

March 21, 2000.

Quinn, Ground & Banton, LLP, Paul E. Ground, Manchester, for appellant.

Shaughnessy Law Firm, PC, Ryan S. Shaughnessy, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Royale Marketing, Inc., and Martin Silk, ("appellants"), appeal from the Circuit Court of St. Louis County's judgment awarding respondent, Ruth Bender, ("respondent"), $16,886 in attorney's fees. We affirm.

The parties entered into a consent decree settling their dispute. The settlement order, dated August 12, 1998, stated respondent's motion for attorney's fees would be heard on September 14, 1998. The trial court's minutes indicate respondent's motion for attorney's fees was heard and submitted on that day. On September 18, 1998, the trial court handed down its

judgment, finding appellant had breached the "Restrictive Stock Agreement" with respondent, and awarded respondent $16,886 for her attorney's fees against Royale Marketing, Inc. In its judgment, the trial court stated, "The Court, having taken Judicial Notice of the file, and having considered the arguments of counsel, is fully informed."

Appellants raise five points on appeal. The majority of the points allege the trial court erred in finding for respondent without an evidentiary hearing. The points address both procedural and substantive errors.

In a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The record on appeal must contain all information necessary to the determination of issues presented for review." *Rowe v. Norfolk & Western Ry. Co.*, 787 S.W.2d 751, 753–54 (Mo.App. E.D.1990). "Appellant has the burden of presenting a record on appeal for us to review. *Id.* at 754. "Without a record, there is no basis for us to find any error of fact or law." *A.W. Moore Roofing v. Sevier*, 700 S.W.2d 93, 95. (Mo.App. E.D.1985).

The parties' facts are in dispute as to whether on September 14, 1998, the trial court inquired into the need for an evidentiary hearing and whether the parties agreed to submit the matter on the basis of evidence contained in the court file already before the judge. Appellants have not provided us with a record of the transcript of the proceeding before the trial court on September 14, and we therefore, have nothing before us from which to determine what arguments the court did consider. It is appellants' burden to provide such a record for us to review. Without the record, we have no basis to find any error of fact or law.

As an extended opinion would serve no jurisprudential purpose, we affirm the judgment pursuant to Rule 84.16(b).

All pending motions are herein denied.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.