

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| MATTHEW D. MARTIN, | ) | No. ED107883 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | 18CG-CC00176 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | Filed:  April 28, 2020 |

### OPINION

Matthew Martin appeals the judgment of the Circuit Court of Cape Girardeau County denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing following Martin's guilty plea to felony possession of methamphetamine.  On appeal, Martin asserts that the trial court erred by denying his motion without an evidentiary hearing because he alleged facts—that his counsel's ineffective assistance rendered his guilty plea involuntary and unknowing—which entitled him to relief.  We disagree and affirm.

### Factual and Procedural Background

On May 24, 2017, Martin was at Cape Rock Park in Cape Girardeau County, Missouri when law enforcement officers found methamphetamine in his pocket.  Martin was arrested and charged with felony possession of a controlled substance.  On September 1, 2017, Martin

---

[1] All references are to Missouri Supreme Court Rules (2019).

requested that the trial court dispose of the charge pursuant to § 217.460,[2] which authorizes the dismissal of any pending indictment, information, or complaint not brought to trial within 180 days of the request. On September 25, 2017, the court took up Martin's request and scheduled this matter for a jury trial on April 3, 2018.

On March 9, 2018, Martin's counsel moved to dismiss this case on the basis that the 180-day period of time during which Martin's case should have been tried under § 217.460 had expired. The motion asserted that during the September 25, 2017 hearing the court, over counsel's objection, scheduled Martin's trial for April 3, 2018, which was beyond the 180-day statutory period. The trial court denied Martin's motion finding that there was no record of counsel's objection to the April trial date, and further found that Martin was not prejudiced by the delayed trial date.

On March 26, 2018, Martin pled guilty to felony possession of methamphetamine and was sentenced to six years of imprisonment in the Missouri Department of Corrections. Then, on August 6, 2018, Martin filed, pro se, his motion for post-conviction relief seeking to vacate his guilty plea. After new counsel was appointed to represent him, Martin filed an amended motion on February 6, 2019 requesting an evidentiary hearing to show the court why his conviction and sentence should be vacated, which the trial court denied. This appeal follows.

## Standard of Review

A motion court's findings of fact and conclusions of law are presumptively correct. *Mitchell v. State*, 510 S.W.3d 366, 370 (Mo. App. E.D. 2017) (citing *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Appellate review of motions for post-conviction relief is limited to whether the findings and conclusions of the motion court are clearly erroneous. *Morrow v. State*,

---

[2] All statutory references are to RSMo 2016 unless otherwise indicated.

21 S.W.3d 819, 822 (Mo. banc 2000). Findings and conclusions are clearly erroneous when a full review of the record definitely and firmly reveals a mistake has been made. *Id*.

**Discussion**

I. *The trial court did not err by denying Martin's post-conviction motion without an evidentiary hearing because Martin failed to show that he was entitled to relief.*

A movant is entitled to an evidentiary hearing in post-conviction cases only if: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant. *Dorsey v. State*, 115 S.W.3d 842, 844-45 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. *Ventimiglia v. State*, 468 S.W.3d 455, 461-62 (Mo. App. E.D. 2015).

On appeal, Martin challenges the trial court's denial of his post-conviction motion without an evidentiary hearing on the basis that he is entitled to relief because his guilty plea was rendered involuntary by his defense counsel's ineffective assistance. Specifically, Martin maintains that counsel failed to object to a trial setting beyond the 180-day statutory period, and failed to introduce evidence demonstrating that Martin was prejudiced by the delay in his trial. We find, however, that Martin failed to establish that his counsel's actions rendered his guilty plea involuntary, and therefore, the court was correct to deny his motion.

When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) he was thereby prejudiced. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). Where a movant alleges ineffective assistance of counsel following a guilty plea, the claim of ineffective assistance is "immaterial except to the extent it impinges on the

3

voluntariness and knowledge with which a [movant] pled guilty." *Ventimiglia*, 468 S.W.3d at 462 (quoting *Cain v. State*, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993)). "If an examination of the guilty plea proceedings directly refute that movant's plea was involuntary, movant is not entitled to an evidentiary hearing." *Cain*, 859 S.W.2d at 717.

Here, the record directly refutes Martin's claim that he pled guilty unknowingly and involuntarily. At the March 26, 2018 plea hearing, Martin testified that he understood what he was being charged with and that by pleading guilty he was waiving his right to a trial. The only reservation Martin expressed was a feeling of being threatened by the State's statement to him that if he did not plead guilty, he would be labeled as a prior and persistent drug offender. When the court asked Martin if he had been otherwise induced or threatened to plead guilty by either his counsel or opposing counsel, Martin responded no. And, we find nothing in the record to demonstrate that Martin was misled into pleading guilty because his counsel failed to object to a trial setting beyond the 180-day period or because she did not introduce evidence that Martin was prejudiced by the delayed trial date.

Moreover, "a defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel has done everything he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo. App. E.D. 1993)). During the March 26, 2018 plea hearing, Martin testified that he was satisfied with his counsel's investigation of the facts of his case and her negotiation of the plea, and that she had done everything that he requested. Later, during his sentencing hearing, the court asked Martin again about his counsel's handling of the case and Martin reassured the court that he was satisfied with her performance. At either hearing, Martin

4

could have expressed his dissatisfaction with his counsel's handling of the trial setting beyond the 180-day period. Instead, Martin asserted only satisfaction with his counsel's performance.

Based on the foregoing, we are unpersuaded that Martin established that his counsel's actions misled him to waive his right to a trial and enter a guilty plea. Thus, Martin has failed to show he is entitled to any relief, and therefore, we find his motion was correctly denied.

**Conclusion**

For the reasons stated above, we affirm the judgment of the trial court.


_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., and
Robin Ransom, J. concur.

5