In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

WALTER D. COMBS, ) No. ED108931
 )
 Movant/Appellant, ) Appeal from the Circuit Court
 ) of Cape Girardeau County
v. ) Cause No. 19CG-CC00174
 )
STATE OF MISSOURI, ) Honorable Benjamin F. Lewis
 )
 Respondent/Respondent. ) Filed: August 3, 2021

 OPINION

 Walter D. Combs, Jr., (Appellant) appeals the motion court’s denial, without an

evidentiary hearing, of his Amended Motion to Vacate, Set Aside, or Correct Judgment and

Sentence pursuant to Rule 24.035.1 Appellant argues the motion court erroneously denied his

claims of ineffective assistance of counsel enumerated in his post-conviction motion. We affirm.

 Factual and Procedural Background

 The state charged Appellant by information as a persistent offender with one count of

driving while intoxicated, a class E felony, in violation of § 577.010 RSMo.2 On December 19,

2018, Appellant waived his right to trial and pleaded guilty as charged.

1
 All references are to Missouri Supreme Court Rules (2021).
2
 All statutory references are to RSMo. 2016 unless otherwise noted.
 At the guilty plea hearing, the court asked Appellant if anyone had made any promises or

threats to induce his plea. Appellant responded, “No.” Appellant confirmed he understood that

the charges against him carried a range of punishment of up to four years in the Missouri

Department of Corrections. Appellant also said he understood the state was recommending he

serve four years and his attorney was “free to argue for anything less than that.” Additionally,

Appellant acknowledged it was still his intention to plead guilty despite potentially facing four

years of incarceration. Appellant stated his attorney investigated the facts of the case, negotiated

the plea, and otherwise did everything asked of him to Appellant’s satisfaction. The court

accepted Appellant’s plea, ordered a sentencing assessment report, and scheduled the sentencing

within one month, specifically January 14, 2019.

 At the January 14 sentencing, Appellant’s attorney argued the court should consider 30

days of shock incarceration with probation or, alternatively, 120-day institutional treatment in the

Missouri Department of Corrections. When arguing for probation or a less restrictive sentence,

counsel discussed Appellant’s participation at the Community Counseling Center where he was

seeking treatment for substance abuse.3 Moreover, counsel informed the court that Appellant’s

supervisor at the counseling center, Rose Grundee, was present for the sentencing and had

informed counsel that Appellant was doing well under the circumstances. Besides informing the

court about both Appellant’s efforts to pursue treatment and the presence of the individual most

responsible for monitoring his progress, counsel also focused on Appellant’s active work

schedule and family life as reasons for favoring probation over incarceration.

 Consistent with the State’s recommendation, the court sentenced Appellant to four years

of imprisonment. According to the court, Appellant’s criminal history involving felony offenses

3
 Appellant was already on parole at the time of the hearing and his enrollment at the Community Counseling Center
was a condition of his parole.

 2
and a pattern of probation and parole revocations influenced the sentencing decision. Again,

Appellant said he was satisfied with the services provided by his attorney and the court found no

probable cause to believe Appellant had been deprived of effective assistance of counsel.

 On June 17, 2019, Appellant timely filed his pro se motion for post-conviction relief

pursuant to Rule 24.035. On January 15, 2020, post-conviction counsel filed Appellant’s

amended Rule 24.035 motion, alleging ineffective assistance of counsel for (1) plea and

sentencing counsel misadvising Appellant about how long he would serve, and (2) his attorney

failing to obtain records reflecting Appellant’s participation at the Community Counseling

Center and submit these at the sentencing. The motion court denied Appellant’s motion without

an evidentiary hearing. This appeal follows.

 Points Relied On

 In his first point on appeal, Appellant argues the motion court clearly erred in denying,

without an evidentiary hearing, his Rule 24.035 motion alleging his plea counsel misadvised him

about the sentence he would receive and the amount of time he would serve if he pleaded guilty.

 In his second point, Appellant argues his post-conviction motion was erroneously denied

without an evidentiary hearing because sentencing counsel failed to obtain records verifying

Appellant’s treatment at the Community Counseling Center and submit these at the sentencing.

 Standard of Review

 This court’s review of the denial of a Rule 24.035 motion for post-conviction relief is

limited to a determination of “whether the findings and conclusions of the motion court are

clearly erroneous.” Pettry v. State, 345 S.W.3d 335, 337 (Mo. App. E.D. 2011) (citing Rule

24.035(k)). The motion court is presumptively correct. Whitley v. State, 501 S.W.3d 531, 534

(Mo. App. E.D. 2016). “The motion court’s findings and conclusions are clearly erroneous only

 3
if, after the review of the record, the appellate court is left with the definite and firm impression

that a mistake has been made.” Brooks v. State, 242 S.W.3d 705, 708 (Mo. banc 2008).

 Discussion

 To be entitled to an evidentiary hearing on a motion for relief under Rule 24.035, “a

movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts

alleged must raise matters not refuted by the record and files in the case; and (3) the matters

complained of must have resulted in prejudice to the movant.” Whitehead v. State, 481 S.W.3d

116, 122 (Mo. App. E.D. 2016).

 For evidentiary hearing requests involving claims of ineffective assistance of counsel, a

movant must show “(1) trial counsel’s performance did not conform to the degree of skill, care

and diligence of a reasonably competent attorney and (2) he was thereby prejudiced.” Burgess v.

State, 455 S.W.3d 21, 23-24 (Mo. App. E.D. 2014). In the context of guilty pleas, counsel’s

alleged deficient performance is “immaterial except to the extent it impinges on the voluntariness

and knowledge with which a [movant] pled guilty.” Cain v. State, 859 S.W.2d 715, 717 (Mo.

App. E.D. 1993); see also Hicks v. State, 918 S.W.2d 385, 386 (Mo. App. E.D. 1996). To prove

prejudice in that context, a movant must demonstrate that, but for counsel’s deficient

representation, a reasonable probability exists that he or she would not have pleaded guilty and

instead would have insisted on exercising his or her right to trial. State v. Evans, 524 S.W.3d

530, 533 (Mo. App. E.D. 2017). When proving prejudice triggered by counsel’s errors occurring

at sentencing, a movant must show a reasonable probability that, but for counsel’s deficient

performance, he or she would have received a lesser sentence. Rush v. State, 366 S.W.3d 663,

666 (Mo. App. E.D. 2012).

 4
 Point I – Plea Counsel’s Misadvice Concerning Appellant’s Sentence

 Appellant claims plea counsel misadvised him about the sentence he would receive and

the amount of time he would serve if he pleaded guilty. In particular, counsel was allegedly

ineffective for informing him that in the “worst case scenario” he would receive either thirty

days of shock incarceration with probation, 120-day institutional treatment in the Missouri

Department of Corrections, or a sentence lesser than the maximum sentence allowed under the

law. We agree with the trial court and find counsel’s performance did not affect the voluntariness

of Appellant’s plea.

 The “mere prediction or advice of counsel” does not render a guilty plea involuntary.

Spencer v. State, 805 S.W.2d 677, 679 (Mo. App. E.D. 1990). This is especially true in cases

where a defendant is informed of and confirms he understands the full range of punishment

associated with the charges against him. See Cain, 859 S.W.2d at 717 (citing Spencer, 805

S.W.2d at 678-79); Loudermilk v. State, 973 S.W.2d 551, 554 (Mo. App. E.D. 1998). Appellant’s

alleged misunderstanding of the maximum sentence he was capable of receiving is directly

refuted by his testimony at the guilty plea hearing. At the guilty plea hearing, Appellant

confirmed numerous times that he understood he could be sentenced to up to four years of

imprisonment.4 Any misunderstanding as to the maximum range of punishment was corrected by

the court and thus Appellant’s reliance on his attorney’s advice was not objectively reasonable.

See Thornton v. State, 456 S.W.3d 435, 439-40 (Mo. App. W.D. 2014).

 Moreover, “[a] motion court properly denies an evidentiary hearing on a motion for post-

conviction relief where the movant repeatedly assured the plea court that he was satisfied with

counsel’s representation and that counsel did everything he requested and the movant was given

4
 Appellant further testified that no one promised him anything in exchange for his guilty plea.

 5
ample opportunity to express his duress to the court.” Mitchell v. State, 439 S.W.3d 820, 822-23

(quoting Nichols v. State, 409 S.W.3d 566, 570 (Mo. App. E.D. 2013)). Thus, “a movant is not

entitled to a post-conviction evidentiary hearing on an ineffective assistance of counsel claim if

the guilty plea proceedings directly refute the movant’s claims that the plea was involuntary.” Id.

at 822. Here, after being informed of the court’s decision to sentence Appellant to four years of

imprisonment, Appellant indicated that he was still satisfied with counsel’s investigation and

negotiation of his plea. The court found no probable cause to believe Appellant had been

deprived of effective assistance of counsel. We agree. Because the record refutes Appellant’s

claim, we conclude counsel’s performance did not have a prejudicial effect on Appellant’s plea.

 Appellant’s brief also mentions alleged statements by counsel regarding parole eligibility.

Appellant says that he will “now have to serve close to 80%” of his four-year sentence but that

his attorney told him he could serve less than that. However, Appellant fails to cite or include in

the record the authority requiring that he serve “close to 80%” of his sentence. See Rules

84.04(c) and 84.04(e); Rule 81.12(a). Appellant has the burden of presenting a record containing

all information necessary for this court to evaluate the issues. Royale Marketing, Inc. v. Bender,

14 S.W.3d 661, 662 (Mo. App. E.D. 2000); Rowe v. Norfolk & Western Ry. Co., 787 S.W.2d

751, 753-54 (Mo. App. E.D. 1990) (citing Rule 81.12).5 Without being presented with a clear

statement or description of the alleged requirement or its source, we are unable to meaningfully

review this aspect of Appellant’s first point on appeal.6 See Carmen v. Olsen, 611 S.W.3d 368,

373 (Mo. App. E.D. 2020).

5
 See also Cent. Am. Health Scis. Univ., Belize Med. Coll. V. Norouzian, 236 S.W.3d 69, 79 (Mo. App. W.D. 2007)
(“Where . . . the record does not contain all information and documents necessary for this [c]ourt to determine an
issue presented on appeal, review by this court is impossible, and the claim of error must be dismissed.”).
6
 The motion court’s findings are presumed correct. Davis v. State, 486 S.W.3d 898, 905 (Mo. banc 2016).

 6
 As the record does not demonstrate that counsel’s alleged misadvice regarding

Appellant’s sentence rendered his plea involuntary, we deny his first point on appeal.

 Point II – Sentencing Counsel’s Failure to Introduce Treatment Records

 In his second point, Appellant argues his Rule 24.035 motion was erroneously denied

without an evidentiary hearing because sentencing counsel’s failure to obtain and present records

at the sentencing hearing documenting Appellant’s enrollment and treatment at the Community

Counseling Center constituted ineffective assistance of counsel. We disagree.

 “When a movant pleads guilty and then affirmatively states in court that he is satisfied

with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a

claim that counsel was ineffective for failure to investigate, because such a claim is refuted by

the record.” Simmons v. State, 100 S.W.3d 143, 146 (Mo. App. E.D. 2003). At the plea hearing

and following the court’s inquiry, Appellant confirmed he was satisfied with the services of his

attorney, his attorney’s case investigation, and his attorney’s efforts to negotiate his plea deal.

Additionally, Appellant confirmed his attorney did everything Appellant requested. The record

of the plea hearing therefore refutes Appellant’s claim. Id.; Nichols, 409 S.W.3d at 571.

 Later at the sentencing hearing and after announcing the four-year term of imprisonment,

the court again questioned Appellant regarding his satisfaction with his attorney:

 THE COURT: Now, Mr. Combs, when you entered your plea of guilty, you testified that
 [counsel] had investigated the facts of this case to your satisfaction. Was that true?

 [APPELLANT]: Yes, sir.

 THE COURT: And you testified that he had negotiated the plea to your satisfaction. Was
 that true?

 [APPELLANT]: Yes, sir.

 THE COURT: And you testified that he had done everything you asked him to do. Was
 that true?

 7