Jeffrey R. PITTMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72020.

Missouri Court of Appeals,
Western District.

Feb. 22, 2011.

Kent Denzel, Columbia, MO, for appellant.

Shaun J. Mackelprang and Jayne T. Woods, Jefferson City, MO, for respondent.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JAMES E. WELSH, Judge and GARY D. WITT, Judge.

CYNTHIA L. MARTIN, Judge.

Jeffrey Pittman appeals from the motion court's denial of his Rule 24.035 motion after an evidentiary hearing. Pittman contends the motion court erred because: (1) he received ineffective assistance of counsel when plea counsel unreasonably advised Pittman that the State's video surveillance tape was more inculpatory when viewed on a large screen; (2) he received ineffective assistance of counsel when plea counsel unreasonably failed to present evidence at sentencing that Pittman used prescription drugs in addition to selling drugs; and (3) the trial court entered sentence and judgment for a class A felony, when Pittman pleaded guilty to and was convicted of only a class B felony. The judgment of the motion court is affirmed. However, we exercise our power under Rule 84.14 to amend the judgment of conviction and sentence to correct a clerical error in that judgment.

## Factual and Procedural History

Pittman was charged with the class B felony of delivery of a controlled substance. Pittman entered a guilty plea to the charge and was sentenced to fifteen years imprisonment as a persistent drug offender consistent with a class A range of punishment.

Pittman filed a pro se Rule 24.035 motion. Appointed counsel filed an amended motion (collectively, hereinafter, "Motion"). The motion court denied Pittman's Motion after an evidentiary hearing. Pittman appeals.

## Standard of Review

Appellate review of the disposition of a motion filed pursuant to Rule 24.035 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Krider v. State*, 44 S.W.3d 850, 856 (Mo.App. W.D.2001). The trial court's "findings and conclusions are clearly erroneous only if, after reviewing the entire record, [we are] left with a definite and firm impression that a mistake has been made." *Krider*, 44 S.W.3d at 856. "The burden of proof is upon Movant to establish grounds for relief by a preponderance of the evidence." *Briley v. State*, 180 S.W.3d 514, 516 (Mo.App. S.D.2005).

## Ineffective Assistance of Counsel

"A guilty plea must be a 'voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.' " *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). "Once a guilty plea is entered, all claims that counsel was ineffective are waived, 'except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.' "

*Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005).

▪ The plea process in a criminal adjudication warrants the same constitutional guarantee of effective assistance of counsel as trial proceedings. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prevail on an ineffective assistance of counsel claim following a guilty plea, Pittman must show by a preponderance of the evidence that: (1) trial counsel's performance was deficient because he failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) the deficient performance prejudiced Pittman. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Simmons,* 955 S.W.2d 729, 746 (Mo. banc 1997).

▪ To satisfy the performance prong, Pittman must show by a preponderance of the evidence that trial counsel's actions fell below an objective standard of reasonableness. Reasonableness is looked at in light of all of the circumstances and of the prevailing professional norms at the time of the alleged error. *Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052. Pittman must overcome the presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance of counsel, making all significant decisions in the exercise of professional judgment. *Id.* at 689, 104 S.Ct. 2052.

In *Strickland,* the Supreme Court articulated the standard for prejudice, stating that a defendant must show a reasonable probability that, but for counsel's alleged deficiencies, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

If either the performance prong or the prejudice prong is not met, then we need not consider the other, and Pittman's claim of ineffective assistance of counsel must fail. *Id.* at 687, 104 S.Ct. 2052.

## Point I

▪ For his first point, Pittman contends that the motion court erred in denying his Motion because his plea counsel did not act as reasonably competent counsel when he advised Pittman that the State's video surveillance tape was more inculpatory when viewed on a large screen. Pittman argues that he was no more visible in the video when shown on the large screen than when it was shown to him on a laptop. Pittman claims that he was prepared to go to trial based on his viewing of the video on the laptop and would have done so rather than plead guilty but for counsel's unreasonable advice that the video's inculpatory value grew with size. We disagree.

At the post-conviction hearing, plea counsel testified that he interviewed two officers who surreptitiously observed a drug sale transaction between Pittman and a confidential informant from inside the confidential informant's home. Plea counsel testified that both officers claimed that they could see and hear Pittman even though Pittman does not appear clearly on the video surveillance tape. Plea counsel testified that he reviewed the video and played it for Pittman on a laptop. Both plea counsel and Pittman agreed that the video was of poor quality. Plea counsel later viewed the video on a big-screen television with the volume increased. Plea counsel determined he was able to identify Pittman's voice and the outline of his head. Plea counsel advised Pittman that he thought the video "got worse" for Pittman's case as it got bigger and louder, especially because Pittman has a unique voice. Plea counsel also informed Pittman about his interviews of the two officers and the confidential informant, all of whom

positively identified Pittman and his vehicle based on their personal observations and not upon the content of the video. Plea counsel testified that he felt the video was "the cherry on top of the cake," as the State did not even need the video to make its case. Plea counsel testified that he was ready for trial and that Pittman made the decision to plead guilty after they had discussed the strengths of the State's case on more than one occasion.

Pittman testified at the post-conviction hearing that he viewed the video on a laptop. Pittman admitted that plea counsel came back to him on a different day and informed him that once the video was viewed on a big screen, "you could see a vision of a big man."

The motion court found that Pittman was able to view the video and determine the strength of the video himself prior to entering the guilty plea. In addition, the motion court found that Pittman was made aware of the witnesses against him and was able to determine the weight and credibility of their anticipated testimony. The motion court found that plea counsel informed Pittman that the video evidence was stronger than anticipated when viewed on a bigger screen with increased volume.

■■■■■ "It [is] the duty of counsel to advise his client of the strength of the [S]tate's case. The fact [that] such advice was that the [S]tate's case was strong, or that his conviction was likely, does not vitiate the plea of guilty." *Green v. State,* 777 S.W.2d 295, 298 (Mo.App. S.D.1989) (citation omitted). "The fact that [Pittman] entered a plea of guilty based on advice of counsel does not establish that the plea was involuntary or coerced." *Choate v. State,* 762 S.W.2d 87, 90 (Mo. App. S.D.1988) (citing *Simons v. State,* 719 S.W.2d 479, 481 (Mo.App.1986)).

■■■ The voluntariness of the plea is also supported by the transcript of the guilty plea proceedings. The court interrogated Pittman at length, including asking him if the decision to plead guilty was Pittman's and whether that was what he wanted to do. In each case, Pittman replied in the affirmative. Specifically, the court asked Pittman, "Do you understand that [counsel] can give you advice and make recommendations to you, but it has to be your decision as to whether you plead guilty. Do you understand?" Pittman replied, "Yes, sir." Pittman replied in the negative when asked if there was anything that he had asked of his counsel that his counsel refused to do. Pittman testified that he did not have any complaints against his counsel.

The motion court came to the conclusion that Pittman's guilty plea was entered into voluntarily and was supported by a factual basis. The motion court's findings were not clearly erroneous. Pittman did not demonstrate that his plea counsel acted unreasonably.

As for prejudice, Pittman testified that had plea counsel not advised him that the video was more inculpatory on a larger screen, he would not have pled guilty. A motion court may reject the self-serving statements of a movant, even if not contradicted, a credibility determination to which we defer. *Id.* Here, the motion court found plea counsel's testimony about the guilty plea credible and Pittman's testimony not credible. The motion court found that Pittman was not prejudiced by his plea counsel's representation. The motion court's findings were not clearly erroneous.

Point one is denied.

### Point II

■■■ For his second point, Pittman argues that the motion court erred in deny-

ing his Motion because his plea counsel did not act as reasonably competent counsel when he failed to present evidence at sentencing that Pittman was addicted to prescription drugs. Pittman contends that had plea counsel presented evidence that Pittman was selling drugs in order to support his prescription drug addiction, the court would have imposed a lesser sentence. We disagree.

At the post-conviction hearing, plea counsel testified that his goal was to paint Pittman in as positive a light as possible at the sentencing hearing. Plea counsel acknowledged that at the sentencing hearing, the State called several witnesses to show that Pittman was a drug dealer and that he was not addicted to the drug that he sold, crack cocaine. Plea counsel testified that he did not recall Pittman ever disclosing to him that had an addiction to prescription drugs. However, if Pittman had disclosed this information, plea counsel testified he would have advised Pittman to seek treatment prior to sentencing so that the court would know his addiction was being addressed. Plea counsel also testified that he would have been reluctant to admit evidence of Pittman's prescription drug abuse because it would have required admitting evidence of other uncharged misconduct.

Pittman testified that he told plea counsel that: "[H]e was using. Should we tell them that we're using." Pittman claims plea counsel responded in the negative and stated, "I want them to think you changed your life around." Pittman claims this exchange only occurred once. Pittman testified that he did not seek any treatment for his prescription drug addiction prior to sentencing.

The motion court found that Pittman conceded that evidence of his abuse of prescription medications without proper prescriptions would have constituted an admission to uncharged felony offenses for possession of controlled substances. Again, the motion court found plea counsel's testimony about the guilty plea credible and Pittman's testimony not credible. We defer to this credibility determination. *Id.*

Even had plea counsel been informed about Pittman's prescription drug use, the "decision not to call a witness to testify is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the movant clearly establishes otherwise." *State v. Miller,* 981 S.W.2d 623, 634 (Mo.App. W.D. 1998). Pittman did not establish that plea counsel failed to employ a reasonable strategy during Pittman's sentencing hearing and, thus, did not establish the performance prong. We need not, therefore, consider the prejudice prong. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The motion court's findings were not clearly erroneous.

Point two is denied.

### Point III

For his third point, Pittman argues that the motion court erred in denying Pittman's Motion because the sentencing court entered sentence and judgment for a class A felony, though Pittman pleaded guilty to, and was found guilty of, a class B felony enhanced to the range of punishment for a class A felony.

Pittman was charged pursuant to section 195.211 with the class B felony of delivery of a controlled substance. Section 195.291.2 provides that:

Any person who has pleaded guilty to or been found guilty of a violation of section 195.211, when punishable as a class B felony, shall be sentenced to the authorized term of imprisonment for a class A felony which term shall be

served without probation or parole if the court finds the defendant is a persistent drug offender.

However, an enhanced sentence " 'does not reclassify the underlying conviction.' " *State v. Riley*, 213 S.W.3d 80, 94 (Mo.App. W.D.2006) (quoting *State v. Ralston*, 39 S.W.3d 546, 551 (Mo.App. W.D.2001)). Following Pittman's guilty plea, the judgment entered by the sentencing court mistakenly reflected that Pittman was convicted of a class A felony instead of a class B felony. The State concedes that the *sentencing court's judgment* contains a clerical error and that a *nunc pro tunc* order correcting the clerical error should be issued.

The motion court found that Pittman entered a guilty plea to the class B felony of delivery of a controlled substance and that Pittman was advised he would be sentenced as a persistent drug offender, which authorized a term of imprisonment for a class A felony. Pittman acknowledged his awareness of the fact that his guilty plea to a class B felony would subject him to a range of punishment for a class A felony.

The motion court did not make any findings, however, about whether the judgment entered by the sentencing court mistakenly reflects that Pittman was convicted of a class A felony. This is undoubtedly because this issue, though raised in Pittman's Motion, was seemingly abandoned when post-conviction counsel advised the motion court that Pittman was not proceeding on the issue.[1] We cannot conclude that the motion court's judgment is in error when the issue regarding a clerical error in the sentencing court's judgment was withdrawn from the motion court's consideration.

 Under the circumstances, however, given the State's concession that the sentencing court's judgment is in error and that a *nunc pro tunc* order should be issued to correct the judgment imposing sentence to reflect that Pittman was convicted of a class B felony and not a class A felony, we are inclined to employ our power pursuant to Rule 84.14 to enter such judgment as the court ought to give. "The purpose of a *nunc pro tunc* order is to correct clerical omissions or mistakes so that the record speaks the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or properly recorded in the record." *Andrae v. Andrae*, 171 S.W.3d 170, 172 (Mo.App. E.D.2005); *Pirtle v. Cook*, 956 S.W.2d 235, 243 (Mo. banc 1997) (finding that a *nunc pro tunc* order was proper to correct a clerical error in the judgment, which was a result of transposed terms). The motion court would have been empowered to afford Pittman the relief he requested—a corrected judgment—as Rule 24.035 permits review of any claim that a conviction or sentence imposed violates the constitution and laws of this state or the Constitution of the United States. Though the motion court did not erroneously fail to afford Pittman this relief under the circumstances, justice dictates that the judgment and sentence be nonetheless amended to reflect that Pittman was convicted of

---

1. At the conclusion of the evidentiary hearing, the motion court asked post-conviction counsel whether Pittman was proceeding on the claim concerning the class of felony. Counsel responded that they were not but then noted the sentence and judgment should have shown that the conviction was for a class B felony and that "we do have a claim there."

The motion court asked, "But you all are not proceeding on that anyway *at this point?*" (Emphasis added.) Counsel said they were not. It does not appear so much that counsel abandoned the claim of clerical error based on its merit but, rather, that counsel may have believed some other avenue to correct the judgment should be pursued.

a class B felony instead of a class A felony.[2]

### Conclusion

The motion court's judgment is affirmed. We exercise our authority under Rule 84.14 to amend the April 24, 2009 judgment and sentence of the sentencing court to reflect that Pittman was convicted of a class B felony, not a class A felony. Pittman's imposed sentence is not amended or modified by this Opinion.

All concur.

---

2. Pittman was sentenced on April 24, 2009, nearly two years ago. Though Pittman could attempt to seek relief to correct a clerical error on the face of the sentencing court's judgment directly from the sentencing court by motion pursuant to Rule 29.12(c), we are concerned that this Opinion affirming the motion court's denial of Pittman's Motion will constitute a final adjudication of Pittman's Motion, and thus of the request for a *nunc pro*

*tunc* judgment asserted in his Motion. We thus elect to take the unusual step of amending the underlying judgment and sentence by our Opinion, even though this requested relief was withdrawn by post-conviction counsel at the hearing before the motion court, a decision that is influenced by the fact that the State concedes that the sentencing court's judgment contains a clerical error and that a *nunc pro tunc* judgment should be issued.