

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

LONZO DAVIS,                )      No. ED100609

      Appellant,      )      Appeal from the Circuit Court
      )      of City of St. Louis
vs.      )
      )      Honorable Thomas J. Frawley
STATE OF MISSOURI,      )

      Respondent.      )      FILED: June 30, 2014

Lonzo Davis ("Movant") appeals from the motion court's judgment, without an evidentiary hearing, denying his Rule 24.035 motion for post-conviction relief. Movant, proven to be a prior and persistent offender, pled guilty to one count of the Class A felony of assault of a law enforcement officer (Count I), one count of the unclassified felony of armed criminal action (Count II), one count of the Class C felony of stealing (Count III), one count of the Class C felony of unlawful possession of a firearm (Count IV), two counts of the Class B misdemeanor of property damage in the second degree (Counts V and VI), and one count of the Class B felony of discharging a firearm from a motor vehicle (Count VII). He was sentenced to concurrent terms totaling 20 years in the Missouri Department of Corrections. Movant claims his attorney promised him a maximum sentence of 12 years. We affirm.

## I. Background

This Court sees that once again, reality "changes" once a party takes up residence in the Department of Corrections. Here we are faced with reconciling statements made in open court, under oath, versus allegations made after the Movant was living in a cell for a period of time. Movant was charged by the State of Missouri ("State") with the offenses listed above. Movant entered an open plea on January 9, 2012, to all counts. The prosecutor detailed the facts the State would prove if the case went to trial. Movant agreed to everything stated by the prosecutor as to each count, except that he indicated that on Count I, he did not know the officer was an officer because the officer "never put his light in the window." Movant indicated that he felt he would be found guilty at a trial based on the evidence outlined by the State on the count of assaulting a law enforcement officer.

The prosecutor recited the range of punishment for each offense, based on the Court's finding that Movant was a prior and persistent offender. The State correctly noted that the enhanced punishment for Count VII (Class B felony of discharging a firearm from a motor vehicle) was a *minimum* of 15 years. (emphasis added). Movant made no statement at that point that he had been promised a sentence of 12 years.

The prosecutor indicated that the State was recommending sentences that would total 25 years in the Department of Corrections. Movant indicated that he would ask the Court for a lesser sentence.

The Court directly asked Movant: "Okay. Has anybody promised you what sentence you're going to receive?" Movant answered: "No, sir."

Movant indicated he had informed his attorney about all facts surrounding the crimes, and that his lawyer had answered all his questions. Movant further indicated that his attorney

2

had done everything asked of him. The plea court also asked Movant whether anyone had made any threats to him or to his family to induce him to plead guilty, and Movant responded "No, sir." Movant entered guilty pleas to each of the seven counts. Movant's plea counsel asked the Court to show some leniency or mercy on Movant, and asked for a sentence of 15 years, or no more than 20 years.

The Court then announced the various sentences, starting with a 20-year sentence on Count I and another 20-year sentence on Count II. Clearly, the announcement of 20-year sentences on the first two counts would have alerted anyone who had been "promised" no more than 12 years that things were not going according to plan.

The Court then advised Movant of his rights pursuant to Rule 24.035. Movant expressed complete satisfaction and that counsel did a good job for him, and once again stated that his attorney made no threats or promises to cause him to plead guilty. The last question posed to Movant by the Court was "Mr. Davis, anything else, sir?" Movant replied "No, sir." This record clearly refutes Movant's claim that he was promised a sentence of no more than 12 years.

Movant filed his pro se Rule 24.035 motion for post-conviction relief on August 16, 2012. Appointed counsel filed Movant's amended Rule 24.035 motion on February 15, 2013. The motion court later entered a judgment denying Movant's Rule 24.035 motion without an evidentiary hearing. This appeal follows.

## II. Discussion

In his sole point on appeal, Movant alleges the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because this violated his rights to counsel, jury trial, and due process of law, in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

3

Movant claims that his motion alleged a meritorious claim based on facts, not refuted by the record, warranting a hearing. He pleads that his attorney promised him a total sentence of 12 years.

A. Standard of Review

We review a denial of post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011). Findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. Gehrke v. State, 280 S.W.3d 54, 56-57 (Mo. banc 2009).

A movant is entitled to an evidentiary hearing only if (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Id. When the movant's claim is one of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) movant was thereby prejudiced. Webb, 334 S.W.3d at 128. To show prejudice when challenging a guilty plea, the movant must allege facts showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Hence, "[f]ollowing a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." Morales v. State, 104 S.W.3d 432, 434 (Mo. App. E.D. 2003). Trial counsel is presumed effective, and a movant bears the burden of proving otherwise. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).

B.  Analysis

Movant alleges that Plea Counsel promised him a sentence of 12 years, and that Movant chose to plead guilty based on that promise.

A guilty plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act.  Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009).  "A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded."  Bequette v. State, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005) (quoting Drew v. State, 436 S.W.2d 727, 729 (Mo. 1969)) (internal citations omitted).  Moreover, "[m]ere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary."  Nesbitt v. State, 335 S.W.3d 67, 70 (Mo. App. E.D. 2011).

The motion court found that Movant's claim is refuted by the record of the plea.  The motion court stated that Movant told the plea court that he wanted to plead guilty. Movant acknowledged to the plea court that Plea Counsel explained the elements of the crimes.  Movant stated he wished to plead guilty, that no one had made any threats or promises to Movant or his family to induce him to plead guilty, and that no one told him to lie in response to the court's questions.  Movant was not faced with any "trick questions" posed by the plea court.  The questions asked and the responses given in open court, under oath, contain no unusual words or legalese.  The phrase "were any threats or promises made . . ." is not difficult to understand or subject to interpretation.

The motion court found Plea Counsel did not coerce or pressure Movant into pleading guilty.  Based on Movant's answers, made under oath in open court, we cannot find any basis to

5

even suspect that Movant was promised a sentence of only 12 years when the prosecutor recited that the minimum punishment for one of the charges was 15 years, and Movant heard his attorney advocate for that minimum sentence rather than the 25-year sentence being recommended by the State.

"To preclude an evidentiary hearing, inquiry into defendant's satisfaction with performance of trial counsel conducted at sentencing proceedings must be specific enough to elicit responses from which [the] motion court may determine that record refutes conclusively allegation of ineffectiveness asserted in motion for post[-]conviction relief based upon ineffective assistance of trial counsel." Evans v. State, 921 S.W.2d 162, 165 (Mo. App. W.D. 1996). "Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are specific enough to refute conclusively the movant's allegations." Redeemer v. State, 979 S.W.2d 565, 571 (Mo. App. W.D. 1998).

Here, the record includes a transcript in which Movant specifically was asked whether anyone made any promises with regard to the sentence he would receive, and Movant's response was no. To succeed on appeal, Movant's answer needed to be: "Yes, sir. My attorney promised me that I would receive no more than 12 years."

Movant was asked whether anyone made any threats to him or his family to induce him to plead guilty, to which he responded "no." Again, Movant needed to state: "Yes, sir. I am pleading guilty because my attorney promised me I would receive a sentence of 12 years."

When Movant was asked whether his attorney refused to comply with any of his requests, Movant responded no. Movant answered that he had enough time with his attorney and his attorney had answered all his questions. When asked whether Movant had any complaints or criticisms of his attorney, Movant responded no. The court further found a factual basis for the

6

pleas and accepted the pleas of guilty. It is hard to believe that anyone could read the record of the guilty plea and find that Movant was not given every opportunity to tell the Court about any alleged promises and that Movant failed to do so. Moreover, if Movant's claim is true that he was promised a sentence of 12 years – it is beyond belief that he would stand silent when his counsel requested that the sentencing court show leniency and sentence Movant to 15 years, or no more than 20 years.

Even after the court sentenced Movant and advised him of his post-conviction relief rights, Movant expressed complete satisfaction and that counsel did a good job for him, and once again stated that his attorney made no threats or promises to cause him to plead guilty. Yet again, Movant should have been informing the Court that his lawyer promised him a 12-year sentence.

For some reason, a period of confinement has seemingly erased Movant's memory of the questions and answers given at the time he entered his pleas.

Based on the record before us, we find that Movant was sufficiently questioned in detail during the plea and sentencing hearings to determine that his allegation that Plea Counsel promised him a 12-year sentence is refuted by the record. His claim is frivolous.[1]

We find the motion court correctly denied Movant's motion for post-conviction relief without an evidentiary hearing.

---

[1] Courts wish "to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions." State v. Bradley, 811 S.W.2d 379, 383 (Mo. banc 1991) (discussing the requirement for a movant's verification of his post-conviction motion listing all grounds for relief known to him and his acknowledgment of waiver of all unlisted grounds). Appellate counsel is under no obligation to raise every issue asserted by a movant, and "can make the strategic decision to remove frivolous claims not likely to result in reversal in favor of putting forth stronger arguments." Holman v. State, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002). Avoiding such frivolous claims "promotes judicial economy by focusing the Court's attention on those issues most pertinent to resolving the case." Id. Further, we suggest that avoiding frivolous claims in one case may promote justice by focusing limited judicial resources on *other cases* in need of resolution.

### III. Conclusion

The judgment of the motion court is affirmed.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs