

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

DIRK ALAN RUEGER,  )  No. ED103591
  )
Appellant,  )  Appeal from the Circuit Court
  )  of St. Charles County
vs.  )
  )  Honorable Jon A. Cunningham
STATE OF MISSOURI,  )
  )
Respondent.  )  FILED: September 20, 2016

## Introduction

Dirk Alan Rueger ("Rueger") appeals from the judgment of the motion court denying his amended Rule 24.035[1] motion for post-conviction relief following an evidentiary hearing. Rueger pleaded guilty to multiple felonies and misdemeanors, including one charge of the class C felony of driving while intoxicated ("DWI") and was sentenced to twelve years' imprisonment. Rueger's amended Rule 24.035 motion sought to set aside his guilty plea and sentence to the DWI charge. After an evidentiary hearing, the motion court denied Rueger's amended motion in its entirety. In his sole point on appeal, Rueger argues that his guilty plea was involuntary because plea counsel failed to inform him of a possible defense to the DWI charge. Because Rueger cannot show that he was prejudiced by his legal representation, the

---

[1] All rule references are to Mo. R. Crim. P. (2015).

motion court did not clearly err in denying his Rule 24.035 motion for post-conviction relief. Accordingly, we affirm the judgment of the motion court.

## Factual and Procedural History

The State charged Rueger with the following crimes: four counts of the class C felony of burglary in the second degree; three counts of the class C felony of stealing between $500 and $25,000; one count of the class C felony of tampering with a motor vehicle; one count of the class C felony of DWI; one count of the class C felony of stealing a firearm; one count of the class D felony of driving while license is revoked; one count of the class A misdemeanor of stealing less than $500; and one count of the class B misdemeanor of property damage in the second degree. The maximum sentence for the charges against Rueger totaled seventy-four years in the Missouri Department of Corrections and up to sixteen months in the St. Charles County Jail. After engaging in plea negotiations, Rueger accepted a prison term of twelve years in exchange for a guilty plea on all thirteen charges.

At the plea hearing, the trial court extensively questioned Rueger regarding his decision to plead guilty to all thirteen charges and the effectiveness of his plea counsel. During the questioning, Rueger acknowledged that plea counsel shared and reviewed the police reports with him, that he had sufficient time to speak with plea counsel about his case, and that plea counsel explained to him the possible consequences of proceeding to trial. Rueger also stated that plea counsel had performed adequately, that he knew and understood his position under the law, and that it was his decision alone to plead guilty.

During further questioning, Rueger agreed that at least one of the reasons he pled guilty to all thirteen charges was to "receive the benefit of the plea bargain rather than taking [his] chances of going to trial, possibly being found guilty of one or more of the charges and possibly

2

receiving a more severe sentence[.] . . ." Rueger then confirmed element by element that he in fact committed the crimes charged against him.

The trial court accepted Rueger's guilty plea on all thirteen charges and sentenced him according to the terms of the plea agreement. Rueger's sentence totaled twelve years in prison, with many of the charges running concurrently. The sentence specifically included five years in prison for the DWI charge, running concurrently with many of the other charges.

After sentencing, Rueger filed a Rule 24.035 motion. Upon amendment, Rueger alleged, in part, that plea counsel was ineffective because she failed to inform him of a potential defense to his DWI charge. The potential defense was that the State might not be able to prove Rueger's intoxication at the time he was driving because the police did not conduct a field sobriety test, perform a breathalyzer test, or draw blood. The police report established the failure by the police to execute any routine sobriety tests. Rueger sought an evidentiary hearing, which the motion court granted.

The evidence at the hearing consisted of Rueger's testimony at the underlying plea hearing, the testimony of plea counsel, and a telephone deposition from Rueger. Plea counsel testified that she always reviews police reports with her clients, although she did not remember specifically doing so in this case. Similarly, while plea counsel could not remember discussing in detail any possible defenses to the DWI charge, she emphasized in her testimony that she always reviewed the strengths and weaknesses of the State's case with her clients. Plea counsel further attested that she never pressured Rueger in any way to plead guilty. Finally, plea counsel stated that Rueger was interested in a plea agreement that capped his total sentence, as he was afraid of otherwise receiving a much longer sentence.

3

At the evidentiary hearing, Rueger testified via his deposition. In his deposition, Rueger stated that plea counsel never discussed the possibility of going to trial on any of the counts with which he was charged. Further, Rueger asserted that plea counsel never discussed the strengths and weaknesses of the DWI charge, beyond the general statements that there is a high conviction rate in the county for DWI cases and that Rueger had prior DWI convictions. Rueger also contended that although he received the police reports before entering his guilty plea, plea counsel never discussed the reports with him, and she did not discuss how the lack of field sobriety tests, breathalyzer tests, or blood tests influenced the case. Rueger alleged that even though plea counsel said trial was an option, she "scared" him into accepting the plea agreement. As a result, Rueger claimed that his acceptance of the plea agreement was ultimately due to plea counsel pressuring him into accepting the plea agreement and plea counsel's failure to inform him of any possible defenses to the DWI charge.

After the evidentiary hearing, the motion court entered its "Findings of Fact, Conclusion of Law and Judgment." In the judgment, the motion court found "[t]he belief that Movant may have beaten a single DWI count at trial (an assertion which is far from certain), does not render a plea of guilty involuntary, especially when Movant admitted under oath that he committed the offense." Further, the motion court found that plea counsel was "a far more credible witness" than Rueger.

The motion court determined that Rueger was not prejudiced by plea counsel's legal representation. When considering that the DWI charge ran concurrently with the other charges and did not add any additional time to Rueger's sentence, the motion court did not find credible Rueger's proposition that had he been informed about a possible defense to the DWI charge, "[I]t would have impacted his decision to plead guilty to the charge under the circumstances that the

4

[Movant] was facing a total of eleven felony and two misdemeanor charges and was being offered a plea bargain of twelve years when facing potential sentences of up to 74 years in the Missouri Department of Corrections and up to 16 months in the St. Charles County Jail."

The motion court denied Rueger's amended Rule 24.035 motion for post-conviction relief after the evidentiary hearing. This appeal follows.

## Points on Appeal

In Rueger's sole point on appeal, he argues that the motion court clearly erred in denying his amended Rule 24.035 motion because he showed that his guilty plea was involuntary due to the ineffective assistance of counsel in that plea counsel failed to inform Rueger about a potential defense to the DWI charge. Accordingly, Rueger contends that but for this failure to inform him, he would not have pled guilty and instead insisted on proceeding to trial.

## Discussion

### A. Standard of Review

Appellate review of the motion court's denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). See also Whitehead v. State, 481 S.W.3d 116, 122 (Mo. App. E.D. 2016). The findings and conclusions of the motion court are presumptively correct. Whitehead, 481 S.W.3d at 122. Accordingly, this Court will only overturn the decision of the motion court, after review of the entire record, when we are left with a "definite and firm impression that a mistake has been made." Id. (quoting Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010)).

Determinations regarding credibility are exclusively for the motion court; it is free to believe or reject any portion of evidence. Hill v. State, 467 S.W.3d 818, 823 (Mo. App. S.D. 2015). We accept as true all evidence and inferences in support of the judgment and ignore all

5

such inferences that are contrary to the judgment of the motion court. Cross v. State, 454 S.W.3d 365, 369 (Mo. App. S.D. 2015).

B. No Clear Error

The right to counsel, as guaranteed by state and federal constitutions, includes the right to effective assistance of counsel. Ervin v. State, 80 S.W.3d 817, 821 (Mo. banc 2002). See also Strickland v. Washington, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel applies to guilty plea proceedings. Bridgewater v. State, 458 S.W.3d 430, 438 (Mo. App. W.D. 2015). However, if conviction is the result of a guilty plea, a claim of ineffective assistance of counsel is "immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." Cooper v. State, 356 S.W.3d 148, 153 (Mo. banc 2011) (quoting State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997)).

In order to show that ineffective assistance of counsel impinges upon the voluntariness of a guilty plea, movant must demonstrate that (1) plea counsel's performance was deficient, and (2) movant was thereby prejudiced. See Thompson v. State, 449 S.W.3d 53, 59 (Mo. App. W.D. 2014) (quoting Strickland, 466 U.S. at 687). To demonstrate that counsel was deficient, the movant must establish that counsel's representation fell below an objective standard of reasonableness. Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009). Prejudice is shown if the movant can prove that, "but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial." Voegtlin v. State, 464 S.W.3d 544, 552 (Mo. App. E.D. 2015) (citing May v. State, 309 S.W.3d 303, 306 (Mo. App. E.D. 2010)). If the movant fails to satisfy either prong, then we need not consider the remaining prong and the claim of ineffective assistance of counsel must necessarily fail. Glass v. State, 419 S.W.3d 862, 865 (Mo. App. S.D. 2013).

6

Because a plea of guilty must be a knowing and intelligent act, the party entering the guilty plea must have sufficient awareness of the relevant circumstances and likely consequences of the act. Bequette v. State, 161 S.W.3d 905, 907 (Mo. App. E.D. 2005). Plea counsel's failure to inform the movant of the relevant and viable defense to the charges filed against the movant may negate the knowing entry of a guilty plea. Wiggins v. State, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015). As a result, if the movant can prove that he or she was prejudiced by the unreasonable failure of plea counsel to discuss with him or her the possibility of a viable defense, then the movant's guilty plea may be set aside. See id. at 382–83.

In the present case, Rueger alleges that plea counsel did not inform him of the significance to his case of the State's failure to conduct field sobriety tests, perform breathalyzer tests, or draw his blood. The evidence as to whether plea counsel informed Rueger of the significance of these facts is conflicting. However, we need not address whether plea counsel failed to discuss with Rueger a potential defense to the DWI charge or if such a failure would deviate from the objective standard of reasonableness required under these circumstances. Instead, the motion court found, and we agree, that Rueger was not prejudiced by plea counsel's representations.

Specifically, the motion court found that Rueger did not prove that, but for plea counsel's failure to advise him that he had a potential defense to the DWI charge, he would have not pled guilty and instead insisted to proceed to trial on the DWI charge. The only evidence offered by Rueger at the evidentiary hearing to support his proposition is his own testimony that had he known about the potential defense at the time of plea negotiations, he would not have entered a guilty plea to that charge. The motion court was free to accept or reject this testimony. Flenoy v. State, 446 S.W.3d 297, 303 (Mo. App. W.D. 2014); Watts v. State, 248 S.W.3d 725, 732 (Mo.

7

App. E.D. 2008) (stating that "[o]n a claim of ineffective assistance of counsel, the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including the movant's testimony.").

Rueger's deposition testimony that he would have rejected the plea deal and accepted the risk of a lengthy prison sentence on the remaining charges had he known of a potential defense to the DWI charge is also contradicted by his testimony at the plea hearing. The motion court noted that at the plea hearing, Rueger testified that he accepted the plea deal because he wanted to receive the benefit of capping his total sentence at twelve years in prison, and he wanted to minimize the risk overall of a lengthy incarceration. Rueger was facing a substantial risk of an extensive period of incarceration, and his acceptance of the plea deal eliminated the risk of seventy-four years in prison. Discovery of a potential defense to one of the many charges would not negate the risk confronting Rueger, who had no guarantee that he could have pursued the DWI charge to trial while still entering into a plea agreement to the remaining multiple charges.

Contrary to Rueger's testimony that he would have proceeded to trial had he known about the defense to the DWI charge, plea counsel testified that Rueger was interested in establishing a sentence cap and thereby minimizing the risk of a lengthy prison sentence. The motion court found plea counsel to be a "far more credible witness." Credibility determinations are to be made by the motion court. Watts, 248 S.W.3d at 732.

The maximum sentence for the DWI charge here was seven years in prison, plus additional fines and up to one year in jail. Rueger asks us to believe that he would have proceeded to trial on the DWI charge and risked jeopardizing the entire plea deal that capped his total sentence to twelve years in prison on all thirteen charges. Even if acquitted of the DWI charge, Rueger *still* faced sixty-seven years in prison and additional time in jail. The motion

8

court did not believe Rueger's contention that he would have rejected the plea agreement and instead insisted upon proceeding to trial on the DWI charge if he had known of a possible defense. We find no clear error in this determination.

Consequently, the motion court did not clearly err in its determination that Rueger was not prejudiced by plea counsel's representations, in that Rueger failed to prove that but for plea counsel's actions, he would not have entered his guilty plea. Accordingly, when reviewing the entire record, we are not left with the definite and firm impression that a mistake has been made.

## Conclusion

The judgment of the motion court is affirmed.


KURT ODENWALD, Judge

James M. Dowd, J., concurs.
Gary M. Gaertner, Jr., J., concurs.

9